## Coe and others, plaintiffs in error, *vs.* Hamilton, defendant in error.

### *Error to Johnson.*

Where a note is executed by A B & C, jointly, and B sustains the plea of infancy in an action brought against them on the same, jointly, a judgment may be rendered against A & C, without compelling the payee to commence *de novo.*

The opinion of the court embodies the facts of the case.

REAGAN & GILBERT, for plaintiffs in error.

BATES, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—This was an action, brought by Hamilton against Joseph and Sylvester Coe, and Pleasant Harris, on the following promissory note :

"One year after date, we promise to pay Yale Hamilton, administrator of Samuel P. Hamilton, deceased, the sum of two hundred and two dollars, for value received.

(Signed)                     "JOSEPH COE,
                              " SYLVESTER COE,
                              " PLEASANT HARRIS.

"June 5th, 1839."

To the declaration, the defendants severed in their pleas. Joseph

Coe and Pleasant Harris, pleaded the general issue, Sylvester Coe pleaded, first, the general issue ; second, infancy.

On the trial, the counsel for the then defendants, asked the court to instruct the jury " that if from the evidence, they believed that said defendant, Sylvester Coe, was not jointly liable together with the said other defendants upon said note, by reason of his infancy at the time of making said note, upon the issues joined they should find a verdict in favor of all the said defendants." This the court refused to do, but instructed the jury that if from the evidence they believed said defendant, Sylvester Coe, was not jointly liable, together with the other defendants upon said note, by reason of his infancy at the time of the making thereof, they could find a verdict in his favor, and against the other two defendants.

This instruction of the court was excepted to, and forms the basis of the first objection, which it will be necessary to consider. The ruling of the court was certainly correct, whatever may be the consequence of finding for one of the defendants, on the plea of infancy, in a case like this. There seems to have been some misconception of the proper province of a jury. Their duty is to find facts in accordance with the issues joined between the parties. Whereever there is a thing asserted by one of the parties, and denied by the other, the jury ascertain the truth and report it to the court. Their duties are then discharged, and it is for the court to consider and determine the legal consequences of their finding. To suppose in the present case, that because the jury found for Sylvester Coe, on the plea of infancy, they must find for the other defendants on the general issue, whether they believed that said defendants had undertaken and promised as set forth in the declaration or not, would be to conclude that the law sometimes required an untrue verdict.

But the real question for decision in this case is, whether the ascertained infancy of one of the defendants, defeats the plaintiff's action and obliges him to commence anew. There can be no doubt on this subject. The authorities cited by the defendant in error, are conclusive on this subject, and go fully to sustain the decision of the court below. See particularly the case reported in 5th Johns., p. 160.

Judgment affirmed.